UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY and
HAYDEN BUILDING MAINTENANCE
CORPORATION,

                         Plaintiff,

vs.

CENTURY SURETY COMPANY,

                         Defendants,

400 COLUMBUS, LLC,
AHEARN HOLTZMAN, INC. d/b/a
SEABOARD WEATHERPROOFING AND
RESTORATION CO.,
PINNACLE CONSTRUCTION AND
RENOVATION CORP.,
ARTUR SLESZYNSKI and
KAROLINA SLESZYNSKI,

                         Nominal Defendants.

**ANSWER TO AMENDED COMPLAINT**

Civ. No.: 1:13-cv-05538-HB

---

The Defendant, CENTURY SURETY COMPANY, hereinafter referred to as the Defendant, by its attorneys, HURWITZ & FINE, P.C., as and for an Answer to the Amended Complaint of the Plaintiffs, herein states the following:

    1.    Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2", and "3".

    2.    Denies each and every allegation contained in paragraph "4".

    3.    Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraphs "5", "6", "7", "8" and "9".

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY and
HAYDEN BUILDING MAINTENANCE
CORPORATION,

                     Plaintiff,

vs.

CENTURY SURETY COMPANY,

                     Defendants,

400 COLUMBUS, LLC,
AHEARN HOLTZMAN, INC. d/b/a
SEABOARD WEATHERPROOFING AND
RESTORATION CO.,
PINNACLE CONSTRUCTION AND
RENOVATION CORP.,
ARTUR SLESZYNSKI and
KAROLINA SLESZYNSKI,

                 Nominal Defendants.
_____

**ANSWER TO AMENDED COMPLAINT**

Civ. No.: 1:13-cv-05538-HB

      The Defendant, CENTURY SURETY COMPANY, hereinafter referred to as the Defendant, by its attorneys, HURWITZ & FINE, P.C., as and for an Answer to the Amended Complaint of the Plaintiffs, herein states the following:

      1.     Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2", and "3".

      2.     Denies each and every allegation contained in paragraph "4".

      3.     Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraphs "5", "6", "7", "8" and "9".

4. As and for a response to paragraphs "10" and "11", admits that Exhibits A and B are attached to the complaint, but otherwise refers to the documents themselves and denies knowledge and information sufficient to form a belief to the remaining allegations.

5. Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraphs "12", "13" and "14".

6. Admits the allegations contained in paragraph "15".

7. As and for a response to paragraph "16", the defendant admits the policy contains an additional insured endorsement included in full by reference, but otherwise denies knowledge and information sufficient to form a belief and respectfully defers to the language of the additional insured endorsement.

8. Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraphs "17", "18", and "19".

9. As and for a response to paragraph "20", the defendant admits SLESZYNSKI was an employee of PINNACLE CONSTRUCTION AND RENOVATION CORP.

10. As and for a response to paragraphs "21", "22" and "23", admits that Exhibits C, D and E are attached to the complaint, but otherwise refers to the documents themselves and denies knowledge and information sufficient to form a belief to the remaining allegations.

**AS AND FOR AN ANSWER TO COUNT I**

11. As and for an answer to paragraph "24", this defendant repeats and realleges its answers to paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

12. Denies the allegations contained in paragraph "25".

13. Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "26".

14. Denies the allegations contained in paragraph "27" and "28".

15. Denies the allegations contained in paragraph "29".

### AS AND FOR AN ANSWER TO COUNT II

16. As and for an answer to paragraph "30", this defendant repeats and realleges its answers to paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

17. Denies having knowledge and/or information sufficient to form a belief as to the allegations contained in paragraph "31".

18. Denies the allegations contained in paragraphs "32", "33" and "34".

### AS AND FOR AN ANSWER TO COUNT III

19. As and for an answer to paragraph "35", this defendant repeats and realleges its answers to paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

20. Denies the allegations contained in paragraph "36".

21. Denies each and every other allegation in all causes of action not heretofore controverted.

### AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:

22. The assertions, allegations and claims against this defendant fail to state causes of action upon which relief can be granted.

### AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:

23. This defendant reserves the right to offer additional defenses which cannot be determined due to the fact that this defendant does not yet have possession of all documents and information bearing on the various coverage issues.

### AS AND FOR A THIRD, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM, THE DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:

24. Artur Sleszynski, the plaintiff in the underlying action, was an employee of Pinnacle Construction and Renovation Corporation ("Pinnacle").

25. Century issued an insurance policy, Policy No. CCP710261 ("Century Policy"), to Pinnacle Construction and Renovation Corp. for the policy period of May 18, 2011 through May 18, 2012.

26. The Century Policy contained Endorsement CGL 1702 11/00 Action Over Exclusion which states, in part:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> **ACTION OVER EXCLUSION**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> It is agreed that the following change is made to Coverage A. 2. Exclusions:
>
> Exclusion **e. Employer's Liability** is deleted in its entirety and replaced with the following:
>
> **e.    Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the named insured arising out of and in the course of:

    (a) Employment by the named insured; or
    (b) Performing duties related to the conduct of the named insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:
(1) Whether the named insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

27. The injured party, Artur Sleszynski, was an employee of Century's Named Insured, Pinnacle, who was injured while in the course of such employment.

28. As a result, the Action Over Exclusion applies to bar any claims for coverage in this matter, and the plaintiffs are not entitled to a defense or indemnification under the Century Policy.

**AS AND FOR A FOURTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM, THIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:**

29. In the alternative, Artur Sleszynski was an independent contractor or the employee of an independent contractor hired to perform work for Pinnacle.

30. The Century Policy also included Endorsement CGL 1710 11/00 Bodily Injury To Independent Contractors which states, in part:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION • BODILY INJURY TO**

INDEPENDENT CONTRACTORS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that this insurance does not apply to "bodily injury" to:

(1) Any independent contractor or the "employee" of any independent contractor while such independent contractor or their "employee" is working on behalf of any insured; or

(2) The spouse, child, parent, brother or sister of such independent contractor or "employee" of the independent contractor as consequence of (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

31. As an independent contractor or the employee of an independent contractor, Artur Sleszynski's damages are excluded from coverage under the Century Policy, and the plaintiffs are not entitled to a defense or indemnification under the Century Policy.

### AS AND FOR A FIFTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE AND THIRD COUNTERCLAIM, THIS DEFENDANT ALLEGES, UPON INFORMATION AND BELIEF:

32. Upon information and belief, Pinnacle acted as the construction manager for the construction project located at 400 Columbus Avenue, Valhalla, New York.

33. Upon information and belief, as the construction manager, Pinnacle was responsible for managing the construction activities at 400 Columbus Avenue, Valhalla, New York.

34. The Century Policy included Endorsement CBL 1914 0211, Exclusion – Construction Management which states, in part:

### EXCLUSION - CONSTRUCTION MANAGEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

The following exclusions are added to **Section I - Coverages, Coverage A Bodily Injury And Property Damage Liability and to Coverage B Personal And Advertising Injury Liability:**

This insurance does not apply to:

**Construction Management or Consulting**

"Bodily injury" or "property damage" arising out of, or resulting from, any insured acting as a construction manager or construction consultant.

For the purposes of this exclusion construction management or consulting means those operations undertaken to manage or consult on construction activities or plans when the insured does not perform, or directly contract with subcontractors to perform the actual construction activities on which they are consulting or managing.

35. The damages sought by Artur Sleszynski arose out of Pinnacle's actions as a construction manager are excluded from coverage under the Century Policy, and the plaintiffs are not entitled to a defense or indemnification under the Century Policy.

**AS AND FOR A SIXTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE AND FOURTH COUNTERCLAIM,
THIS DEFENDANT ALLEGES,
UPON INFORMATION AND BELIEF:**

36. The allegations against Pinnacle in the underlying action do not include any allegations that Artur Sleszynski was injured or damaged by Pinnacle's acts or omissions in the performance of Pinnacle's ongoing operations.

37. The Century Policy includes an additional insured endorsement, Endorsement CG2033 07/04, which states, in part:

> **ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **A.    Section II - Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
> 2. The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured.
>
> * * *

38. As the underlying complaint fails to allege that Artur Sleszynski was injured as a result of Pinnacle's acts or omissions, there is no coverage for the plaintiffs under the additional insured endorsement.

39. The plaintiffs are not entitled to a defense or indemnification under the Century Policy because they are not additional insureds.

**AS AND FOR A SEVENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE AND FIFTH COUNTERCLAIM,**

## THIS DEFENDANT ALLEGES,
## UPON INFORMATION AND BELIEF:

40.     Pursuant to the terms and conditions of the Century Insurance policy and form CBL 1901 04/08 Contractors Amendatory Endorsement, any coverage available under the Century Insurance policy is excess to any other insurance policies. The Endorsement states, in part:

> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> In consideration of the premium charged the following changes are made to this policy:
>
> It is agreed that **SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS** is changed as follows:
>
> 1. Item **4. Other Insurance** is deleted and entirely replaced by the following:
> **Other Insurance**
>
> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:
>
> a.  This insurance is excess over any other insurance whether the other insurance is stated to be primary; pro rata, contributory, excess, contingent; umbrella, or on any other basis; unless the other insurance is issued to the named insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.
>
> b.  When this insurance is excess, we will have no duty under Coverage **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends; we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.
>
> c.  When this insurance is excess over other insurance, we will pay only our share of the amount of less, if any, that exceeds the sum of:

(1)   The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2)   The total of all deductible and self insured amounts under all that other insurance.

\* \* \*

**WHEREFORE**, the Defendant, CENTURY SURETY COMPANY, demands judgment as follows:

1.   Dismissing the Amended Complaint herein;

2.   An order adjudging, declaring and decreeing that the defendant does not have a duty to defend and/or indemnify the plaintiffs in the action commenced by ARTUR SLESZYNSKI and KAROLINA SLESZYNSKI;

3.   If this Court determines that coverage is afforded one or more of the plaintiffs under the insurance policy issued by Century Insurance Company, it is excess over any other available insurance coverage; and

4.   Such other and further relief as to this Court may seem just, proper and equitable, together with the costs and disbursements of this action.

DATED:   Buffalo, New York
August 19, 2013

HURWITZ & FINE, P.C.

By _____
Dan D. Kohane, Esq.
*Attorneys for Defendants,*
*CENTURY SURETY COMPANY*
1300 Liberty Building
Buffalo, New York  14202
(716) 849-8900

TO: Patti F. Potash, Esq.
Jennifer Mindlin, Esq.
WHITE FLEISCHNER & FINO, LLP
*Attorneys for Plaintiff,*
*ENDURANCE SPECIALTY INSURANCE COMPANY*
61 Broadway, 18th Floor
New York, New York  10006
(212) 487-9700

TO:    *Attorneys for Defendant,*
*400 COLUMBUS, LLC,*
*AS THEY MAY APPEAR*

*Attorneys for Defendant,*
*AHEARN HOLTZMAN, INC.*
*d/b/a/ SEABOARD WATERPROOFING*
*AND RESTORATION CO.,*
*AS THEY MAY APPEAR*

*Attorneys for Defendant,*
*PINNACLE CONSTRUCTION AND*
*RENOVATION CORP.,*
*AS THEY MAY APPEAR*

*Attorneys for Defendant,*
*ARTUR SLESZYNSKI.*
*AS THEY MAY APPEAR*

*Attorneys for Defendant,*
*KAROLINA SLESZYNSKI,*
*AS THEY MAY APPEAR*

# CERTIFICATE OF SERVICE

I hereby certify that I have this 19th day of August 2013, we e-filed and served a copy of the foregoing Answer to Amended Complaint upon the parties indicated below by mailing a copy of same via U.S. First Class Postal Service to the following:

Patti F. Potash, Esq.
Jennifer Mindlin, Esq.
WHITE FLEISCHNER & FINO, LLP
*Attorneys for Plaintiff,*
*ENDURANCE SPECIALTY INSURANCE COMPANY*
61 Broadway, 18th Floor
New York, New York  10006

/s/ *Dan D. Kohane*
**Dan D. Kohane, Esq.**