SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

———————————————————————X

ENDURANCE AMERICAN SPECIALTY INSURANCE
COMPANY and HAYDEN BUILDING MAINTENANCE
CORPORATION,

                        Plaintiffs,

       -against-

CENTURY SURETY COMPANY,

                        Defendants,

400 COLUMBUS, LLC, AHEARN HOLTZMAN, INC.
d/b/a SEABOARD WEATHERPROOFING AND
RESTORATION CO., PINNACLE CONSTRUCTION
AND RENOVATION CORP., ARTUR SLESZYNSKI
and KAROLINA SLESZYNSKI,

                        Nominal Defendants,
                        for purposes of notifying
                        them of this action.

———————————————————————X

INDEX No. 154118/2013

**SUPPLEMENTAL
SUMMONS**

Basis of Venue:
Residence of Plaintiff

Plaintiff resides at:
767 Third Ave., 5th Floor
New York, NY 10017

**To the above named defendant:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiffs' attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, NY
       May 13, 2013

                              Yours etc.,

                              PATTI POTASH
                              JENNIFER MINDLIN
                              Counsel for Plaintiff,
                              Endurance American Specialty Insurance
                              Company

TO:

Century Surety Company
c/o NY State Department of Financial Services
465 Cleveland Avenue
Westerville, Ohio 43082-8095

400 Columbus, LLC.
c/o NY Secretary of State
8 Wright Street
 Westport, Connecticut, 06880

Ahearn Holtzman Inc. d/b/a Seaboard Weatherproofing and Restoration Co.
c/o NY Secretary of State
530 Willett Avenue
Port Chester, New York 10573

Pinnacle Construction and Renovation Corp.
c/o NY Secretary of State
1882 Putnam Avenue
Ridgewood, New York 11385

Artur Sleszynski
66-26 79th Street
Middle Village, New York 11379

Karolina Sleszynski
66-26 79th Street
Middle Village, New York 11379

*Index No.154118/2013*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ENDURANCE AMERICAN SPECIALTY INSURANCE, COMPANY and HAYDEN BUILDING
MAINTENANCE CORPORATION,

Plaintiffs,

-against-

CENTURY INSURANCE GROUP,

Defendant,

400 COLUMBUS, LLC, AHEARN HOLTZMAN, INC. d/b/a SEABOARD
WEATHERPROOFING AND RESTORATION CO., PINNACLE CONSTRUCTION
AND RENOVATION CORP., ARTUR SLESZYNSKI and KAROLINA SLESZYNSKI,

Nominal Defendants,<br>
for purposes of notifying<br>
them of this action.

## SUPPLEMENTAL SUMMONS

**WHITE FLEISCHNER & FINO, LLP**

*Attorneys for Defendant*

**61 BROADWAY<br>
NEW YORK, N.Y. 10006<br>
(212) 487-9700**

*To:*
*Attorney(s) for*    Plaintiffs

*Service of a copy*

*of the within*        is hereby admitted.
*Dated:*

.........................
*Attorney(s) for*

*PLEASE    TAKE*

*NOTICE*

☐    *that the within is a (certified) true copy of a*
     *entered in the office of the clerk of the within named Court on*

NOTICE OF
ENTRY

☐    *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
     *one of the judges of the within named Court, at , on , at .*

NOTICE OF
SETTLEMENT
*Dated:*

**WHITE FLEISCHNER & FINO, LLP**

*Attorneys for Defendant* **61 BROADWAY**<br>
**NEW YORK, N.Y. 10006**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

———————————————————————X

ENDURANCE AMERICAN SPECIALTY INSURANCE
COMPANY and HAYDEN BUILDING MAINTENANCE
CORPORATION,

                          Plaintiffs,

           -against-

CENTURY SURETY COMPANY,

                          Defendants,

400 COLUMBUS, LLC, AHEARN HOLTZMAN, INC.
d/b/a SEABOARD WEATHERPROOFING AND
RESTORATION CO., PINNACLE CONSTRUCTION
AND RENOVATION CORP., ARTUR SLESZYNSKI
and KAROLINA SLESZYNSKI,

                          Nominal Defendants,
                          for purposes of notifying
                          them of this action.

—————————————————————————X

INDEX No. 154118/2013

**AMENDED
COMPLAINT**

**DECLARATORY
JUDGMENT ACTION**

Basis of Venue:
Residence of Plaintiff

## COMPLAINT

    Plaintiff, Endurance American Specialty Insurance Company ("Endurance"), by and through its attorneys of record in this action, alleges the following:

    1.    Endurance brings this action seeking a declaratory judgment that Century Surety Company ("Century") is obligated to defend and indemnify Hayden Building Maintenance Corporation ("Hayden"), 400 Columbus, LLC ("400 LLC") and Seaboard Weatherproofing and Restoration Co. ("Seaboard") as additional insureds on its Policy issued to Pinnacle Construction and Renovation Corp. ("Pinnacle") against the lawsuit titled *Artur Sleszynski and Karolina Sleszynski v. 400 Columbus, LLC and Hayden Building Maintenance Corporation*, Index No. 12493/2012 ("Underlying Sleszynski Lawsuit").

## THE PARTIES

2.      Plaintiff, Endurance American Specialty Insurance Company is a foreign corporation duly licensed, registered and authorized to do business in the State of New York, with its principal place of business at 767 Third Avenue, 5th Floor, New York, New York 10017.

3.      Plaintiff, Hayden Building Maintenance Corporation is a New York corporation with its principal place of business located at 169 Western Highway, West Nyack, New York 10994.

4.      Upon information and belief, Defendant, Century Surety Company is a foreign corporation duly licensed, registered and authorized to do business in the State of New York. Its principal place of business is 465 North Cleveland Avenue, Westerville, Ohio 43082.

5.      Upon information and belief, Nominal Defendant, 400 Columbus, LLC is a Delaware limited liability company duly licensed, registered and authorized to do business in the State of New York. Its registered agent for service is c/o Abbey Road Advisors LLC, 8 Wright Street, Westport, Connecticut, 06880.

6.      Upon information and belief, Nominal Defendant, Ahearn Holtzman Inc. d/b/a Seaboard Weatherproofing and Restoration Co. is a New York corporation with its principal place of business located at 530 Willett Avenue, Port Chester, New York 10573.

7.      Upon information and belief, Nominal Defendant, Pinnacle Construction and Renovation Corp. is a New York corporation with its principal place of business located at 1882 Putnam Avenue, Ridgewood, New York 11385.

8.      Upon information and belief, Nominal Defendant, Artur Sleszynski is an individual and resident of the State of New York.

9.      Upon information and belief, Nominal Defendant, Karolina Sleszynski is an

individual and resident of the State of New York.

## UNDERLYING SLESZYNSKI LAWSUIT

10.     On or about June 7, 2012, Artur and Karolina Sleszynski commenced an

action in the New York Supreme Court, Kings County, against 400 LLC and Hayden seeking

recovery for personal injuries allegedly sustained on September 10, 2011, while working on

the roof of 400 Columbus Avenue in Valhalla, New York. A true and correct copy of the

Complaint in the Underlying Sleszynski Lawsuit is annexed as **Exhibit "A."**

11.     On or about September 12, 2012, 400 LLC commenced a Third Party Action

against Albert B. Ashforth, Inc. and Seaboard seeking contribution and indemnification. A

true and correct copy of the Third Party Complaint in the Underlying Sleszynski Lawsuit is

annexed as **Exhibit "B."**

## ENDURANCE POLICY

12.     Endurance issued Policy No. GLP100033481000 to Hayden Building

Maintenance Corporation for the policy period of September 1, 2011 to September 1, 2012.

13.     Endurance is currently defending Hayden in the Underlying Sleszynski

Lawsuit.

14.     The Endurance Policy contains the following Other Insurance Provision,

which provides that when there is other insurance available to Hayden as an additional

insured, coverage under the Endurance Policy will be excess:

> *SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS*
> ***
>
> *4.      Other Insurance*
>
>       *If other valid and collectible insurance is available to the insured for a loss we cover under*
>       *Coverages A and B of this Coverage Part, our obligations are limited as follows:*

**a.**   *Primary Insurance*

*This insurance is primary except when Paragraph **b.** below applies.  If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.  Then, we will share with all that other insurance by the method described in Paragraph **c.** below.*

**b.**   *Excess Insurance*

**(1)**   *This insurance is excess over:*

**(a)**   *Any of the other insurance, whether primary, excess, contingent or on any other basis:*

**(i)**   *That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";*

**(ii)**   *That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;*

**(iii)**   *That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or*

**(iv)**   *If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** - Coverage A - Bodily Injury And Property Damage Liability.,*

**(b)**   *Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.*

**(2)**   *When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit".  If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.*

**(3)**   *When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:*

**(a)**   *The total amount that all such other insurance would pay for the loss in the absence of this insurance; and*

**(b)**   *The total of all deductible and self-insured amounts under all that other insurance.*

**(4)**   *We will share the remaining loss, if any, with any other insurance that is not described in the Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.*

c.     *Method Of Sharing*

> *If all of the other insurance permits contribution by equal shares, we will follow this method also.  Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.*
>
> *If any of the other insurance does not permit contribution by equal shares, we will contribute by limits.  Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.*

## CENTURY POLICY

15.     Upon information and belief, Century issued Policy No. CCP710261 (the "Century Policy") to Pinnacle Construction and Renovation Corp. for the policy period of May 18, 2011 through May 18, 2012.

16.     Upon information and belief, the Century Policy contains an Additional Insured Endorsement extending additional insured coverage to any person or organization for whom Pinnacle is performing operations when Pinnacle agrees in writing in a contract or agreement to add such person or organization.

## RELEVANT FACTS

17.     400 LLC entered into a contract with Seaboard to perform services at 400 Columbus Avenue, Valhalla, NY.

18.     On or about June 29, 2011, Seaboard entered into a subcontract with Hayden for work at 400 Columbus Avenue, Valhalla, NY.

19.     Hayden, in turn, entered into a sub-subcontract with Pinnacle.

20.     The Underlying Plaintiff, Artur Sleszynski, was an employee of Pinnacle at the time of the alleged accident.

## TENDER TO CENTURY

21.    On or about July 20, 2012, Rockville Risk Management, the Third Party Administrator for Endurance, on behalf of Hayden and 400 LLC, tendered to Century for additional insured coverage, defense and indemnification. A true and correct copy of this letter is annexed hereto as **Exhibit "C."**

22.    On or about August 22, 2012, Century sent a letter to Rockville, Hayden and 400 LLC denying the request for additional insured coverage. A true and correct copy of is annexed hereto as **Exhibit "D."**

23.    Following this offices' dispute of the denial, on or about November 13, 2012, Century issued a Supplemental Disclaimer of Coverage. A true and correct copy of is annexed hereto as **Exhibit "E."**

**COUNT I**
**Declaration by the Court**
**that Century owes defense coverage to Hayden, 400 LLC and Seaboard**

24.    The Plaintiff repeats, re-alleges, and restates each and every allegation contained in paragraphs "1" through "25", inclusive, with the same force and effect as if fully set forth herein.

25.    Hayden, 400 LLC and Seaboard qualify as addition insureds on the Century Policy.

26.    The allegations of the Underlying Sleszynski Lawsuit were caused in whole or in part by the acts or omissions of Pinnacle as required for coverage.

27.    Therefore, Century owes additional insured coverage to Hayden, 400 LLC and Seaboard for the Underlying Sleszynski Lawsuit.

28.    Pursuant to Endurance's Policy Provisions, its coverage for Hayden, 400 LLC and Seaboard is excess to the coverage owed by Century, which is primary.

29.     Accordingly, Plaintiff is entitled to a declaration that the Century is obligated to defend Hayden, 400 LLC and Seaboard against the Underlying Sleszynski Lawsuit.

## COUNT II
## Breach of Contract

30.     The Plaintiff repeats, re-alleges, and restates each and every allegation contained in paragraphs "1" through "31", inclusive, with the same force and effect as if fully set forth herein.

31.     Endurance has been making payment of fees and costs of Hayden's defense in an amount to be determined.

32.     Century's failure to make payment of fees and costs is in breach of its obligations under the Policy.

33.     Hayden and Endurance have been damaged by Century's breach.

34.     Century is obligated to pay/reimburse Endurance for the defense fees and costs incurred on behalf of Hayden to date in an amount to be determined.

## COUNT III
## Declaration by the Court
## that Century owes indemnity coverage to Hayden, 400 LLC and Seaboard

35.     The Plaintiff repeats, re-alleges, and restates each and every allegation contained in paragraphs "1" through "36", inclusive, with the same force and effect as if fully set forth herein.

36.     Plaintiff is entitled to a declaration that Century is obligated to provide indemnity coverage to Hayden, 400 LLC and Seaboard for any recovery against them in the Underlying Sleszynski Lawsuit

WHEREFORE, Plaintiffs Endurance American Specialty Insurance Company and Hayden Building Maintenance Corporation seek the following relief against the Century Surety Company:

(1) On Count I, a declaration and judgment that Century has an obligation to provide defense coverage to Hayden, 400 LLC and Seaboard for the Underlying Sleszynski Lawsuit.

(2) On Count II, an award against Century for recovery of all defense fees and costs incurred and paid by Endurance on behalf of Hayden to date.

(3) On Count III, a declaration and judgment that Century has an obligation to provide indemnity coverage to Hayden, 400 LLC and Seaboard for the Underlying Sleszynski Lawsuit

(4) Such other relief as the Court deems just and equitable.

Dated: May 13, 2013

Respectfully Submitted,

PATTI POTASH
JENNIFER MINDLIN
Counsel for Plaintiff,
Endurance American Specialty Insurance
Company

*Index No.154118/2013*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ENDURANCE AMERICAN SPECIALTY INSURANCE, COMPANY and HAYDEN BUILDING
MAINTENANCE CORPORATION,

                                        Plaintiffs,

          -against-

CENTURY INSURANCE GROUP,

                                        Defendant,

400 COLUMBUS, LLC, AHEARN HOLTZMAN, INC. d/b/a SEABOARD
WEATHERPROOFING AND RESTORATION CO., PINNACLE CONSTRUCTION
AND RENOVATION CORP., ARTUR SLESZYNSKI and KAROLINA SLESZYNSKI,

                                        Nominal Defendants,
                                        for purposes of notifying
                                        them of this action.

## AMENDED COMPLAINT

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for Defendant*

**61 BROADWAY
NEW YORK, N.Y. 10006
(212) 487-9700**

*To:*
*Attorney(s) for*    Plaintiffs

                                                            *Service of a copy*
*of the within*            *is hereby admitted.*
*Dated:*

                              ........................
                              *Attorney(s) for*

                                                            *PLEASE      TAKE*
*NOTICE*
☐        *that the within is a (certified) true copy of a*
         *entered in the office of the clerk of the within named Court on*
NOTICE OF
 ENTRY
☐        *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
         *one of the judges of the within named Court, at , on , at   .*
NOTICE OF
SETTLEMENT
*Dated:*

                              **WHITE FLEISCHNER & FINO, LLP**

          *Attorneys for Defendant* **61 BROADWAY
                              NEW YORK, N.Y. 10006**

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
ARTUR SLESZYNSKI and KAROLINA SLESZYNSKI,

                  Plaintiffs,

      -against-

400 COLUMBUS, LLC. and HAYDEN BUILDING
MAINTENANCE CORPORATION,

                  Defendants.
-----------------------------------------------------------------------X

**VERIFICATION
PURSUANT TO
PART 130**

Index No.:   1 2 4 9 3 / 1 2

JUN 1 4 2012

 

The accompanying papers are served/filed/submitted pursuant to §130-1.1-a.:

[X]    SUMMONS & VERIFIED COMPLAINT

Dated: Brooklyn, New York
      June 7, 2012

                               **TALISMAN & DELORENZ, P.C.**

                               By: _____
                                  Robert G. Abruzzino
                                  Attorneys for Plaintiffs
                                  409 Fulton Street
                                  Brooklyn, New York 11201
                                  (718) 243-2700
                                  File No.: 7129

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.: 1 2 4 9 3 /12

Date Purchased: JUN 1 4 2012

------------------------------------------------------------------X

ARTUR SLESZYNSKI and KAROLINA SLESZYNSKI,

**SUMMONS**

Plaintiffs,

Plaintiffs designate Queens
County as the place of trial.

-against-

The basis of venue is
plaintiff's residence, 66-26
79th Street, Middle Village,
NY 11379.

400 COLUMBUS, LLC. and HAYDEN BUILDING
MAINTENANCE CORPORATION,

Defendants.

------------------------------------------------------------------X

**To the above named Defendant:**

  **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiffs' attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
        June 7, 2012

                        Yours, etc.,

                        **TALISMAN & DELORENZ, P.C.**
                        Attorneys for Plaintiffs
                        409 Fulton Street
                        Brooklyn, New York 11201
                        (718) 243-2700
                        File No. 7129

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------X

ARTUR SLESZYNSKI and KAROLINA SLESZYNSKI,

                              Plaintiffs,

        -against-

400 COLUMBUS, LLC. and HAYDEN BUILDING
MAINTENANCE CORPORATION,

                              Defendants.

------------------------------------------------------------------X

Index No.: 12493/12

Date Purchased: JUN 1 4 2012

**VERIFIED COMPLAINT**

        Plaintiff, by and through their attorneys, **TALISMAN & DELORENZ, P.C.,**
complaining of the defendants, allege, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, ARTUR SLESZYNSKI

1.      That venue of this action is based on the County of residence of the plaintiffs.

2.      That this action falls within one or more of the exemptions set forth in CPLR
§1602.

3.      That on September 10, 2011, and at all times hereinafter mentioned, defendant,
400 COLUMBUS, LLC., was a foreign limited liability company, duly organized and existing
under and by virtue of the laws of the State of New York.

4.      That on September 10, 2011, and at all times hereinafter mentioned, defendant,
HAYDEN BUILDING MAINTENANCE CORPORATION, was a domestic business
corporation, duly organized and existing under and by virtue of the laws of the State of New
York.

2

5.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., owned the property, building and structure located at 400 Columbus Avenue, Valhalla, New York 10595.

6.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, owned the property, building and structure located at 400 Columbus Avenue, Valhalla, New York 10595.

7.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., operated the aforesaid property, building and structure.

8.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, operated the aforesaid property, building and structure.

9.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., owned the common areas of 400 Columbus Avenue, Valhalla, New York 10595.

10.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, owned the common areas of 400 Columbus Avenue, Valhalla, New York 10595.

11.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., maintained the aforesaid property, building and structure.

12.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, maintained the aforesaid property, building and structure.

3

13.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., managed the aforesaid property, building and structure.

14.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, managed the aforesaid property, building and structure.

15.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., controlled the aforesaid property, building and structure.

16.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, controlled the aforesaid property, building and structure.

17.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was the lessor of the aforesaid property, building and structure.

18.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was the lessor of the aforesaid property, building and structure.

19.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was a lessee of the aforesaid property, building and structure.

20.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was a lessee of the aforesaid property, building and structure.

21.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was the property manager of the aforesaid property, building and structure.

4

22.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was the property manager of the aforesaid property, building and structure.

23.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was the managing agent of the aforesaid property, building and structure.

24.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was the managing agent of the aforesaid property, building and structure.

25.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was hired and/or retained to perform work at the aforesaid property, building and structure.

26.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was hired and/or retained to perform work at the aforesaid property, building and structure.

27.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was a contractor at the aforesaid property, building and structure.

28.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was a contractor at the aforesaid property, building and structure.

29.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was the general contractor at the aforesaid property, building and structure.

5

30.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was the general contractor at the aforesaid property, building and structure.

31.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was the construction manager at the aforesaid property, building and structure.

32.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was the construction manager at the aforesaid property, building and structure.

33.     That at all times hereinafter mentioned, and on, or prior to September 10, 2011, the defendants, their agents, servants and/or employees, were engaged in the erection, demolition, repair, alteration, painting, cleaning, pointing and/or related construction work, labor and/or services upon the aforesaid property, building, structure, including the roof thereat.

34.     That on September 10, 2011, while the plaintiff was lawfully working at the aforesaid property, building and structure, and more specifically, while on a roof, he was caused to fall due to the uneven, dilapidated, defective and obstructed roof, as well as the lack and/or inadequacy of safety devices and as a result sustained serious and permanent personal injuries.

35.     That the defendants, their agents, servants and/or employees were negligent, careless and reckless in the ownership, operation, repair, maintenance, management, control and supervision of the aforesaid property, building, structure and construction site, including the roof; in failing to provide a safe place to work; in failing to provide adequate safety devices or other protective means to prevent the occurrence, which was reasonably foreseeable under the circumstances; in carelessly, recklessly and negligently creating a hazard endangering the life

6

and limb of said plaintiff and others lawfully on the construction site; in failing to keep the construction site reasonably safe and free of dangers and hazards to those workers lawfully thereat, including the plaintiff herein; in negligently hiring, training, supervising and retaining others with respect to the maintenance, operation, management, care, control and oversight of the construction site; in causing the construction site to be, become and remain in an unsafe, improper and dangerous condition; in failing to exercise that degree of care which was reasonably prudent under the circumstances; in affirmatively causing and creating a dangerous condition; in failing to provide adequate flooring, planks, roofing brackets, boards, protection panels, braces, pullies, ropes, harness, belts, safety lines and lanyards in order for the plaintiff to safely perform his work; in failing to properly arrange, secure and/or situate the area of the roof; in improperly, negligently and without due care, leaving a dangerous, defective and hazardous uneven, dilapidated, defective, and obstructed roof; in failing to comply with those statutes, ordinances, rules and regulations applicable to said situation; in violation of Labor Law Sections 200, 240(1) and 241(6), specifically §12NYCRR 23, including §23-1.5, 23-1.7 (b) (d) (e), 23-1.11, 23-1.15, 23-1.16, 23-1.21, 23-1.24, 23-2.1, 23-1.32, 23-2.7 and 23-5.1 – 23-5.20, including the Board of Standards and Appeals, the Administrative Code of the City of New York, and OSHA rules, and the defendant, its agents, servants and/or employees were otherwise negligent under the circumstances.

36. That the defendants were negligent and careless in that it violated its duty to the public, and to this plaintiff in particular, in knowingly suffering and allowing the aforesaid construction site to be, become and remain in a defective and dangerous condition and the defendants, its agents, servants and/or employees, were further negligent in failing to take suitable precautions for the safety of persons lawfully using and/or working at said construction site.

7

37.    The defendants, their agents, servants and/or employees, had notice of the defective and dangerous condition prior to the accident of September 10, 2011.

38.    The defendants, their agents, servants and/or employees, affirmatively created the dangerous condition which caused the accident.

39.    That the aforesaid accident, and resulting injuries sustained by the plaintiff, were caused soley by reason of the negligence of the defendants.

40.    That by reason of the foregoing, and the negligence of the said defendants their agents, servants and/or employees, plaintiff has been rendered sick, sore, lame, maimed and disabled and so remains; that he has been unable to attend to his usual vocation and activities and that he has been obliged to expend, and will expend in the future, sums of money for medical aid and attention, and that by reason of the foregoing, he has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

41.    That by reason of the foregoing, plaintiff was damaged in the amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A CAUSE OF ACTION ON BEHALF OF PLAINTIFF, KAROLINA SLESZYNSKI

42.    Plaintiffs repeats, reiterates and realleges each and every allegation contained in the prior causes of action, with the same force and effect as though same were more fully set forth at length herein.

43.    That at all times hereinafter mentioned, this plaintiff is the wife of plaintiff, ARTUR SLESZYNSKI, and as such, was entitled to his services, consortium, companionship, society and support; that by reason of the foregoing, plaintiff was deprived of the services, consortium, companionship, society an support of her husband, all to her damage in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiffs demand judgment against the defendants in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Brooklyn, New York
       June 7, 2012

                                    Yours, etc.,

                                    **TALISMAN & DELORENZ, P.C.**
                                    Attorneys for Plaintiffs
                                    409 Fulton Street
                                    Brooklyn, New York 11201
                                    (718) 243-2700

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )
                                        : ss.:
COUNTY OF KINGS        )

   **ROBERT G. ABRUZZINO**, being duly sworn, deposes and says:

   That deponent is the attorney for the plaintiff in the within action; that deponent has read

the foregoing SUMMONS & VERIFIED COMPLAINT and knows the contents thereof; that the

same is true to deponent's own knowledge except as to the matters therein stated to be alleged

upon information and belief, and as to those matters deponent believes it to be true and the

reason that this verification is not made by plaintiff and is made by deponent is that plaintiff is

not presently in the county where the attorneys for the plaintiff have their office.

   Deponent further says that the source of deponent's information and the grounds of

deponent's belief as to all matters not stated upon deponent's knowledge are from investigations

made on behalf of said plaintiff.

Dated: Brooklyn, New York
       June 7, 2012

_____
ROBERT G. ABRUZZINO

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
ARTUR SLESZYNSKI and KAROLINA SLESZYNSKI,

                    Plaintiffs,

    - against -

400 COLUMBUS, LLC. And HAYDEN BUILDING
MAINTENANCE CORPORATION,

                    Defendants.
-------------------------------------------------------------------X
400 COLUMBUS, LLC,

                    Third-Party Plaintiffs,

    - against -

ALBERT B. ASHFORTH, INC. and SEABOARD
WEATHERPROOFING AND RESTORATION CO.,

                    Third-Party Defendants.
-------------------------------------------------------------------X

Index No.: 12493/12

THIRD-PARTY
SUMMONS

TO THE ABOVE-NAMED THIRD-PARTY DEFENDANT:

YOU ARE HEREBY SUMMONED to answer the complaint of the third-party plaintiffs and of the plaintiff, copies of which are herewith served upon you, together with all prior pleadings in this action, and to serve copies of your answer thereto upon the undersigned and upon plaintiff's attorneys, within twenty (20) days after the service of this third-party summons upon you, exclusive of the date of service, or within thirty (30) days after completion of service, if service is made in any manner other than by personal delivery to you within the State of New York.

In case of your failure to answer the complaint of the third-party plaintiffs, judgment will

be taken against you by default for the relief therein demanded.

Dated: Garden City, New York
       September 10, 2012

                                    Yours, etc.,

                                    STEWART H. FRIEDMAN, ESQ.

                                    BY: WILLIAM L. BONIFATI, ESQ.
                                    Attorney(s) for Defendant(s)/
                                    Third-Party Plaintiff(s)
                                    400 COLUMBUS, LLC
                                    Office Address:
                                    401 Franklin Avenue, Suite 314
                                    Garden City, New York 11530
                                    (516) 365-9191
                                    File No.: YVC L 85556

                                    Mailing Address:
                                    100 William Street, 9th Floor
                                    New York, New York 10038

TO:
TALISMAN & DELORENZ, P.C.
Attorney(s) for Plaintiff(s)
ARTUR SLESZYNSKI and KAROLINA SLESZYNSKI
409 Fulton Street
Brooklyn, New York 11201
(718) 243-2700

NICOLETTI GONSON SPINNER & OWEN, LLP
Attorney(s) for Defendant(s)
HAYDEN BUILDING MAINTENANCE CORPORATION
555 Fifth Avenue, 8th Floor
New York, New York 10017
(212) 730-7750

**ALBERT B. ASHFORTH, INC.**
Third-Party Defendant(s)
465 Columbus Avenue
Valhalla, New York 10595

**SEABOARD WEATHERPROOFING AND RESTORATION CO.**
Third-Party Defendant(s)
530 Willitt Avenue
Port Chester, New York 10573

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------X
ARTUR SLESZYNSKI and KAROLINA SLESZYNSKI,                    Index No.: 12493/12

                              Plaintiffs,                   THIRD-PARTY
                                                            COMPLAINT
        - against -

400 COLUMBUS, LLC. And HAYDEN BUILDING
MAINTENANCE CORPORATION,

                              Defendants.
--------------------------------------------------------------X
400 COLUMBUS, LLC,

                       Third-Party Plaintiffs,

        - against -

ALBERT B. ASHFORTH, INC. and SEABOARD
WEATHERPROOFING AND RESTORATION CO.,

                       Third-Party Defendants.
--------------------------------------------------------------X

        Third-party plaintiff, 400 COLUMBUS, LLC, by its attorney, STEWART H.
FRIEDMAN, ESQ., as and for its verified third-party complaint against the third-party defendant
above named, allege upon information and belief as follows:

                    AS AND FOR A FIRST CAUSE OF ACTION BY
                    THE DEFENDANTS/THIRD-PARTY PLAINTIFFS
                    OVER AND AGAINST THE THIRD-PARTY DEFENDANT
                    PURSUANT TO THE RULE OF DOLE v. DOW

        1.      That at all times hereinafter mentioned, the defendant and third-party plaintiff,
400 COLUMBUS, LLC was a corporation duly organized and licensed to do business in the
State of New York.

        2.      That at all times hereinafter mentioned, the third-party plaintiff, 400

COLUMBUS, LLC was a sole proprietorship doing business in the State of New York.

3.    That at all times hereinafter mentioned, the third-party plaintiff, 400 COLUMBUS, LLC was a partnership doing business in the State of New York.

4.    That at all times hereinafter mentioned, the third-party plaintiff, 400 COLUMBUS, LLC was a corporation duly organized and existing under and by virtue of the laws of the State of New York.

5.    That at all times hereinafter mentioned, the third-party plaintiff, 400 COLUMBUS, LLC was a foreign corporation doing business within the State of New York.

6.    That at all times hereinafter mentioned, the third-party plaintiff, 400 COLUMBUS, LLC was transacting business in the State of New York.

7.    That at all times hereinafter mentioned, the third-party defendant, ALBERT B. ASHFORTH, INC., was a sole proprietorship doing business in the State of New York.

8.    That at all times hereinafter mentioned, the third-party defendant, ALBERT B. ASHFORTH, INC., was a partnership doing business in the State of New York.

9.    That at all times hereinafter mentioned, the third-party defendant, ALBERT B. ASHFORTH, INC., was a corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.   That at all times hereinafter mentioned, the third-party defendant, ALBERT B. ASHFORTH, INC., was a foreign corporation doing business within the State of New York.

11.   That at all times hereinafter mentioned, the third-party defendant, ALBERT B. ASHFORTH, INC., was transacting business in the State of New York.

12.   That at all times hereinafter mentioned, the third-party defendant, SEABOARD WEATHERPROOFING AND RESTORATION CO., was a sole proprietorship doing business

in the State of New York.

13.    That at all times hereinafter mentioned, the third-party defendant, SEABOARD WEATHERPROOFING AND RESTORATION CO., was a partnership doing business in the State of New York.

14.    That at all times hereinafter mentioned, the third-party defendant, SEABOARD WEATHERPROOFING AND RESTORATION CO., was a corporation duly organized and existing under and by virtue of the laws of the State of New York.

15.    That at all times hereinafter mentioned, the third-party defendant, SEABOARD WEATHERPROOFING AND RESTORATION CO., was a foreign corporation doing business within the State of New York.

16.    That at all times hereinafter mentioned, the third-party defendant, SEABOARD WEATHERPROOFING AND RESTORATION CO., was transacting business in the State of New York.

17.    Third-party plaintiff repeats and reiterates each and every allegation of their answer, a copy of said answer being attached hereto, as if the same were more fully set forth at length herein and begs leave to refer to the same at the time of trial.

18.    That the complaint of the plaintiff herein alleges that plaintiff sustained certain injuries and/or damages, the cause thereof alleged is readily seen upon a review thereof, a copy of said complaint being attached hereto and to which third-party plaintiff beg leave to refer to at the time of trial.

19.    That if the plaintiff herein did sustain certain injuries and/or damages as set forth in the plaintiff's complaint, through any negligence other than the plaintiff's own negligence, said injuries and/or damages were sustained wholly or in part by reason of the primary and active

negligence of the third-party defendant herein with the negligence, if any, of the defendant and third-party plaintiff being secondary and derivative only.

20.     That third-party defendants must indemnify and hold harmless third-party plaintiff by virtue of both contract and common law.

21.     That third-party defendants must indemnify the third-party plaintiff for reasonable attorney fees.

22.     That if judgment is rendered against the defendant and third-party plaintiff, based on the occurrences alleged in plaintiff's complaint, the defendant and third-party plaintiff would have been cast into damages by operation of law and thereby harmed and, therefore, the defendant and third-party plaintiff are entitled to judgment over and against, in whole or in part, the third-party defendants.

**WHEREFORE**, said third-party plaintiff demands judgment dismissing the plaintiffs' complaint as to the defendant and third-party plaintiff and further demand that the ultimate rights of the defendant and third-party plaintiff be determined in this action, and that said defendant have judgment over and against, in whole or in part, the third-party defendant for any verdict or judgment which may be obtained herein by the plaintiff against the defendant, with costs and disbursements to abide the events.

Dated:  Garden City, New York
        September 10, 2012

Yours, etc.,

STEWART H. FRIEDMAN, ESQ.

BY: WILLIAM L. BONIFATI, ESQ.
Attorney(s) for Defendant(s)/
Third-Party Plaintiff(s)
400 COLUMBUS, LLC
Office Address:
401 Franklin Avenue, Suite 314
Garden City, New York 11530
(516) 365-9191
File No.:  YVC L 85556

Mailing Address:
100 William Street, 9th Floor
New York, New York 10038

TO:
**TALISMAN & DELORENZ, P.C.**
Attorney(s) for Plaintiff(s)
ARTUR SLESZYNSKI and KAROLINA SLESZYNSKI
409 Fulton Street
Brooklyn, New York 11201
(718) 243-2700

**NICOLETTI GONSON SPINNER & OWEN, LLP**
Attorney(s) for Defendant(s)
HAYDEN BUILDING MAINTENANCE CORPORATION
555 Fifth Avenue, 8th Floor
New York, New York 10017
(212) 730-7750

**ALBERT B. ASHFORTH, INC.**
Third-Party Defendant(s)
465 Columbus Avenue
Valhalla, New York 10595

**SEABOARD WEATHERPROOFING AND RESTORATION CO.**
Third-Party Defendant(s)
530 Willitt Avenue
Port Chester, New York 10573

## ATTORNEY VERIFICATION

**WILLIAM L. BONIFATI, ESQ.,** an attorney admitted to practice in the Courts of the State of New York, affirms the following under the penalties of perjury:

The deponent is the attorney of record for the defendant/third-party plaintiff 400 COLUMBUS, LLC, in the within action; that deponent has read the foregoing Third-Party Summons and Complaint and knows the contents thereof, that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief and that as to those matters, deponent believes them to be true.

Deponent further states that the reason this Verification is made by deponent and not by defendant/third-party plaintiff is that defendant/third party plaintiff is not presently in the County wherein your deponent maintains his office.

DATED: Garden City, New York
September 10, 2012

_____
WILLIAM L. BONIFATI, ESQ.

Exhibit C

# Rockville Risk Management Associates

119 North Park Avenue, Suite 407, Rockville Centre, New York, 11570
Telephone: 516 536-2700 Fax: 516 536-2234

July 20, 2012

**<u>Certified and Regular Mail</u>**
**7012 1010 0002 4039 8606**
Century Surety Company
P.O. Box 163340
Columbus, OH 43216-3340

RE:    Insurance Co.: Endurance American Insurance Company
       Our Insured:   Hayden Building Maintenance Corp.
       Claimant:      Arthur Sleszynski
       Our Policy #:  GLP10003348100
       Your Insured:  Pinnacle Construction & Renovation Corp.
       Your Policy #: CCP710261
       Date of Loss:  September 10, 2011
       Our File:      E17236

Dear Sir or Madam:

Rockville Risk Management Associates, Inc. is the Third Party Claim Administrator for Endurance American Specialty Insurance Company, the insurance carrier for Hayden Building Maintenance Corp., in connection with the above captioned loss, and we are handling the loss on their behalf.

We hereby place you on notice and demand on behalf of and its indemnities as well as on behalf of Endurance American Specialty Insurance Company that you and/or your insured defend and indemnify Hayden Building Maintenance Corp., and its indemnities, with regard to the above captioned matter. We expect that you will respond in writing in accordance with the requisites of Insurance Law 3420(d).

Additionally, we understand that your insured entered into a contract whereby it agreed to defend and indemnify Hayden Building Maintenance Corp. We also make demand that your insured fulfill its contractual obligation and that if your policy affords coverage for such obligation, that you and/or your insured defend and indemnify Hayden Building Maintenance Corp., and its indemnities in accordance with your respective obligations to do so.

By requesting you and/or your insured assume the defense and indemnification of Hayden Building Maintenance Corp., and its indemnities under the subject contract and/or your policy or policies of insurance, Endurance American Specialty Insurance Company expressly reserves any and all of its rights granted under the terms and conditions of the policy.

Please contact the undersigned immediately upon receipt of this letter.  If we do not hear from you, we will have no choice but to pursue our rights including but not limited to a declaratory judgment action.

If you have any questions regarding the above, feel free to contact me at (516) 960-0567.

Sincerely,
Rockville Risk Management Associates, Inc.

David Gomes
David.Gomes@QHoldings.us.com

**Enclosure:**
Contract
Certificate of Insurance

cc:     Pinnacle Construction & Renovation Corp.
        1882 Putnam Avenue
        Ridgewood, New York 11385
        *no enclosure*

        Hayden Building Maintenance Corporation
        169 Western Highway, P.O. Box G
        West Nyack, New York 10994
        *no enclosure*

        Levitt-Fuirst Associates, Ltd.
        1 Executive Boulevard
        Yonkers, New York 10701
        *no enclosure*

/bb

Exhibit D



DIVISION OF MEADOWBROOK INSURANCE GROUP ℠

AUG 27 2012

£17236~ DG

August 22, 2012

**Via Certified and Regular Mail**
91 7108 2133 3937 2299 2955
91 7108 2133 3937 2299 2962
91 7108 2133 3937 2299 2979

Rockville Risk Management Assoc.
119 North Park Avenue, Suite 407
Rockville Centre, NY 11570

Hayden Building Maintenance Co
169 Western Highway
West Nyack, NY 10994

400 Columbus, LLC
400 Columbus Avenue
Valhalla, NY 10595

RE:    *Artur Sleszynski and Karolina Slezynski v. 400 Columbus, LLC and Hayden Building*
       *Maintenance Corporation*

|  |  |
|---|---|
| Our Policyholder: | Pinnacle Construction & Renovation Corp |
| Claimant: | Arthur Sleszynski and Karolina Slezynski |
| Date of Loss: | September 10, 2011 |
| Claim No.: | 01-083301 |
| Policy No.: | CCP710261 |

Dear Mr. Gomes:

I am the claim representative for Century Insurance, a division of Meadowbrook Insurance Group, assigned to oversee this claim on behalf of Century Surety Company. We are the general liability insurance carrier for Pinnacle Construction & Renovation Corp (Pinnacle). We acknowledge receipt of your tender of the above captioned lawsuit.

Century Surety Company issued a commercial general liability insurance policy to Pinnacle Construction & Renovation Corp with effective dates of May 18, 2011 to May 18, 2012. The policy was issued with liability limits of $1,000,000 each occurrence and a general aggregate of $2,000,000. The policy includes a $1,000.00 per claim deductible.

We have reviewed the complaint along with your tender and our policy information, and advise that we must deny your tender at this time.

Policy No. CCP 710261 carries Endorsement CG2033 07/04, provides in the pertinent part:

**Corinna Sievert**
**Senior Claims Representative**
**CSievert@centurysurety.com | 800-652-1978**
**Mailing Address: P.O. Box 163340 Columbus, Ohio 43216-3340**
Physical Address: 465 North Cleveland Avenue, Westerville, Ohio 43082
Phone: 800-878-7389  Fax: 614-895-7040  Website: www.centurysurety.com

**ADDITIONAL INSURED – OWNERS, LESSEES OR**

**CONTRACTORS – AUTOMATIC STATUS WHEN**

**REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

**1.** Your acts or omissions; or

**2.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

*        *        *

Plaintiff's Complaint does not allege that Plaintiff's injuries arose from Pinnacle's acts or omissions in the performance of Pinnacle's ongoing operations.  Therefore, neither 400 Columbus, LLC nor Hayden Building Maintenance Corp qualify as an additional insured on our policy.

Even if 400 Columbus, LLC or Hayden Building Maintenance Corp did qualify as an additional insured, they would be subject to this policy's exclusions and endorsements which serve to amend, restrict, or exclude coverage available under the policy.  We refer you to endorsements CGL 1702 11/00 Action Over Exclusion and CGL 1710 11/00 Exclusion – Bodily Injury to Independent Contractors.  We cite these endorsements below.

CGL 1702 11/00 reads:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**ACTION OVER EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that the following change is made to Coverage A. 2. Exclusions:

Exclusion  **e. Employer's Liability** is deleted in its entirety and replaced with the following:

**e.  Employer's Liability**

"Bodily injury" to:

**(1)**  An "employee" of the named insured arising out of and in the course of:

    **(a)**    Employment by the named insured; or

    **(b)**    Performing duties related to the conduct of the named insured's business; or

Page 3 of 5

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies:

**(1)** Whether the named insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

CGL 1710 11/00 reads:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION - BODILY INJURY TO
INDEPENDENT CONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that this insurance does not apply to "bodily injury" to:

(1) Any independent contractor or the "employee" of any independent contractor while such independent contractor or their "employee" is working on behalf of any insured; or

(2) The spouse, child, parent, brother or sister of such independent contractor or "employee" of the independent contractor as a consequence of (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

Even if 400 Columbus, LLC or Hayden Building Maintenance Corp did qualify as an additional insured and it was determined that Mr. Sleszynski was injured while in the course and scope of employment by Pinnacle or as a subcontractor of Pinnacle, the above exclusions would apply and exclude coverage for this matter.

Attached to Pinnacle's policy is the endorsement CBL 1914 0211, Exclusion – Construction Management, which reads as follows:

**EXCLUSION - CONSTRUCTION MANAGEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

The following exclusions are added to **Section I – Coverages, Coverage A Bodily Injury And Property Damage Liability and to Coverage B Personal And Advertising Injury Liability:**

This insurance does not apply to:

**Construction Management or Consulting**

"Bodily injury" or "property damage" arising out of, or resulting from, any insured acting as a construction manager or construction consultant.

For the purposes of this exclusion construction management or consulting means those operations undertaken to manage or consult on construction activities or plans when the insured does not perform, or directly contract with subcontractors to perform the actual construction activities on which they are consulting or managing.

Plaintiff's Complaint specifically alleges that 400 Columbus, LLC and Hayden Building Maintenance Corp were acting as construction managers. Therefore, any damages arising from their activities as construction managers would also be excluded under our policy.

Furthermore, if you were to qualify as an additional insured, any coverage provided would be excess over any other policy available to you.

Our policy, form CBL 1901 04/08 Contractors Amendatory Endorsement modifies **Section IV-Commercial General Liability Conditions** as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

It is agreed that **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** is changed as follows:

1. Item **4. Other Insurance** is deleted and entirely replaced by the following:

    **Other Insurance**

    If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

    a.  This insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, umbrella, or on any other basis; unless the other insurance is issued to the named insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

    b.  When this insurance is excess, we will have no duty under Coverage **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

    c.  When this insurance is excess over other insurance, we will pay only our share of the amount of loss, if any, that exceeds the sum of:

        (1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

        (2) The total of all deductible and self insured amounts under all that other insurance.

*          *          *

Page 5 of 5

Century Surety Company ("Century") hereby denies and disclaims any obligations to 400 Columbus, LLC or Hayden Building Maintenance Corp under the captioned policies of insurance for this matter. Accordingly, Century cannot provide indemnity or defense for such claims.

Should you have additional information that you feel may alter our position, please forward it for review. If you have any questions or concerns regarding our position, feel free to contact me. Thank you in advance for your anticipated cooperation.

Sincerely,

**CENTURY SURETY COMPANY**

*Corinna R Sievert*

Corinna Sievert
Senior Claims Representative

CRS:

cc:      Pinnacle Construction & Renovation Corp
         1882 Putnam Ave.
         Ridgewood, NY 11385

         Talisman & Delorenz, PC – as plaintiff's representative
         409 Fulton Street
         Brooklyn, NY 11201

| WARNING |
| --- |
| (New York) |

**General: All applications for commercial insurance, individual, group or blanket accident and health insurance and all claim forms, other than automobile insurance** - "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation."

**Fire:** "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime. The proposed insured affirms that the foregoing information is true and agrees that these applications shall constitute a part of any policy issued whether attached or not and that any willful concealment or misrepresentation of a material fact or circumstances shall be grounds to rescind the insurance policy."

Revised 02/2012

INDEX NO. 154118/2013

NYSCEF DOC. NO. 1  Case 1:13-cv-05538-AJP  Document 15  Filed 01/22/14  Page 45 of 54  RECEIVED NYSCEF: 05/13/2013

Exhibit E



**CENTURY INSURANCE GROUP**℠
DIVISION OF MEADOWBROOK INSURANCE GROUP℠

November 13, 2012

**VIA CERTIFIED and REGULAR MAIL**
91 7108 2133 3936 4100 9901

Mirna M. Santiago
White, Fleischner & Fino, LLP
61 Broadway
New York, NY 10006

**VIA CERTIFIED and REGULAR MAIL**
91 7108 2133 3936 4100 9895

Hayden Building Maintenance Co.
169 Western Highway
W. Nyack, NY 10994

**VIA CERTIFIED and REGULAR MAIL**
91 7108 2133 3936 4100 9888

400 Columbus, LLC
400 Columbus Avenue
Valhalla, NY 10595

**VIA CERTIFIED and REGULAR MAIL**
91 7108 2133 3936 4100 9871

Pinnacle Construction & Renovation Corp
1882 Putnam Ave.
Ridgewood, NY 11385

RE:    *Artur Sleszynski and Karolina Slezynski v. 400 Columbus, LLC and Hayden Building Maintenance Corporation*

|  |  |
|---|---|
| Our Insured: | Pinnacle Construction & Renovation Corp |
| Policy No.: | CCP710261 |
| Date of Loss: | September 10, 2011 |
| Our Claim No.: | 01-083301 |
| Your Client: | Endurance American Specialty Ins. Co. |
| Endurance Claim: | E17236 (Hayden Building Maintenance) |

**SUPPLEMENTAL PARTIAL DISCLAIMER**

Dear Ms. Santiago:

I am a Claims Attorney for Century Insurance Group, a division of Meadowbrook Insurance Group, overseeing this claim on behalf of Century Surety Company ("Century"). Please note your file that this matter has been reassigned to me for further handling.

I am in receipt of your September 14, 2012, letter advising of your representation of Endurance Insurance Company and addressing Century's coverage position regarding the tender by Endurance on behalf of Hayden Building Maintenance Corporation ("Hayden") and 400 Columbus LLC ("400 LLC"). Please allow this letter to serve as a supplement to Ms. Corrina

David Hudak
Claims Attorney
DHudak@centurysurety.com | 800-652-1978
Mailing Address: P.O. Box 163340 Columbus, Ohio 43216-3340
Physical Address: 465 North Cleveland Avenue, Westerville, Ohio 43082
Phone: 800-878-7389    Fax: 614-895-7040   Website: www.centurysurety.com

Sievert's communication dated August 22, 2012 and incorporated herein by reference, to Rockville Risk Management Assoc., Hayden and 400 LLC, and to clarify any misunderstanding stemming therefrom.  For your convenience, I have enclosed a copy of this letter.

Century issued a Commercial General Liability policy, CCP710261, to Pinnacle Construction and Renovation Corp. ("Pinnacle") with effective dates of May 18,2011 to May 18, 2012. This policy does include Form CG2033 07/04, *Additional Insured – Owners, Lessees or Contractors – Automatic Status When Required in a Construction Agreement with You* (previously cited). We understand that Century's named insured, Pinnacle, entered into a contract with Hayden, wherein Pinnacle agreed to procure Additional Insured coverage for Hayden and 400 LLC. Notably, there is no requirement in this contract that the Additional insured coverage procured by Pinnacle be "primary and noncontributory."

Subject to the language of that Additional Insured endorsement and all other policy provisions, including conditions, limitations and exclusions, Century acknowledges that both Hayden and 400 LLC may qualify as Additional Insureds on the Century policy, if claimant Sleszynski's alleged bodily injury was caused, in whole or in part, by Pinnacle's acts or omissions in the performance of its ongoing operations for Hayden and / or 400 LLC.

As previously set forth by Ms. Sievert's partial disclaimer letter, there are a number of policy conditions and exclusions which affect the availability of coverage under this policy. Specifically, Century has advised that to the extent Claimant Sleszynski was an employee of Pinnacle at the time of the accident, as verified in your recent letter, CGL 1702 11/00 *Action Over Exclusion* (previously cited), will operate to exclude coverage for all insureds, as it states that the insurance coverage provided by the policy does not apply to "bodily injury" to an employee of the named insured. Your letter suggests that there is case law in New York holding that such an exclusion is applicable only to the named insured, not an additional insured. Our review has failed to reveal any such case law, interpreting similar language under a similar fact pattern. If you have legal support you would like us to consider, kindly forward same.

Ms. Sievert also previously raised CGL 1710 11/00 *Exclusion – Bodily Injury to Independent Contractors*. This exclusion will operate to exclude coverage under the policy to the extent that Claimant Sleszynski was an employee of *any* independent contractor working on behalf of *any* insured. She similarly raised CBL 1914 02/11 *Exclusion – Construction Management*, as the complaint filed by Claimant Sleszynski specifically alleges that Hayden and 400 LLC were working as construction managers. To the extent this is accurate, the Century policy does not afford coverage for construction management activities.

Accordingly, Century acknowledges that there may be coverage available to Hayden and 400 LLC as additional insured, subject to the partial disclaimer previously set forth and herein reiterated. Century reserves the right to seek a judicial determination as to the rights and obligations of the various parties herein.

Century's prior communication also addressed the priority of coverage between the various carriers that may insure Hayden and 400 LLC. The Century policy contains CBL 1901 04/08 *Contractors Amendatory Endorsement*, which modifies the Other Insurance provision.  The Century other insurance language states that it is excess whenever there is other available insurance, but for one limited circumstance that is not applicable in this instance. Your letter suggests that the Endurance policy issued to Hayden also contains excess language, however you have failed to forward a copy of same for our review, so that we may compare the clauses. We would gladly review and consider same, however until that time, Century must maintain its

prior position that, per the language of the policy, any additional insured coverage available to Hayden and 400 LLC is excess over any other coverage available, including the coverage provided by Endurance.

Your correspondence indicates that, "By the policy's own terms, Century's coverage to any additional insureds is primary." Kindly advise as to what terms in the Century policy you refer to? The additional insured endorsement does not contain this language, nor does the contract between Pinnacle and Hayden.

As Century is in an excess position, per the policy language, Century has no duty to defend. It is our understanding that Hayden and 400 LLC are presently being defended by counsel retained by Endurance. If this is incorrect, please let me know.  Kindly provide the contact information for defense counsel, so that Century may receive reporting on this matter, as the excess carrier.

I hope this communication addresses the concerns raised in your letter. Should you need anything further, please do not hesitate to contact me.

Thank you.

Sincerely,

**CENTURY INSURANCE GROUP**

David J. Hudak
Claims Attorney

DJH/jt

Enclosure – Copy of 8/22/12 Tender Denial Letter

cc:     David Gomes
        Rockville Risk Management Assoc.
        via email to:  david.gomes@gholdings.us.com
            (TPA for Endurance American Specialty Ins. Co.)
            (Ref. Your File No. 17236 – Hayden Building Maintenance)

        Robert Abruzzino
        Talisman & Delorenz, PC
        409 Fulton Street
        Brooklyn, NY 11201
            (Atty. for Plaintiff)

        Automax Services, Inc.
        231 Norman Avenue, #101
        Brooklyn, NY 11222

        S&H Underwriters
        via email to:  claims@sh-underwriters.com

Page 4 of 4

| WARNING |
| :---: |
| (New York) |
| **General: All applications for commercial insurance, individual, group or blanket accident and health insurance and all claim forms, other than automobile insurance** - "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation."<br>**Fire:** "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime. The proposed insured affirms that the foregoing information is true and agrees that these applications shall constitute a part of any policy issued whether attached or not and that any willful concealment or misrepresentation of a material fact or circumstances shall be grounds to rescind the insurance policy." |
| Revised 02/2012 |



**CENTURY INSURANCE GROUP**

DIVISION OF MEADOWBROOK INSURANCE GROUP℠

August 22, 2012

<u>Via Certified and Regular Mail</u>
91 7108 2133 3937 2299 2955
91 7108 2133 3937 2299 2962
91 7108 2133 3937 2299 2979

Rockville Risk Management Assoc.
119 North Park Avenue, Suite 407
Rockville Centre, NY 11570

Hayden Building Maintenance Co
169 Western Highway
West Nyack, NY 10994

400 Columbus, LLC
400 Columbus Avenue
Valhalla, NY 10595

RE:   *Artur Sleszynski and Karolina Slezynski v. 400 Columbus, LLC and Hayden Building Maintenance Corporation*

|  |  |
|---|---|
| Our Policyholder: | Pinnacle Construction & Renovation Corp |
| Claimant: | Arthur Sleszynski and Karolina Slezynski |
| Date of Loss: | September 10, 2011 |
| Claim No.: | 01-083301 |
| Policy No.: | CCP710261 |

Dear Mr. Gomes:

I am the claim representative for Century Insurance, a division of Meadowbrook Insurance Group, assigned to oversee this claim on behalf of Century Surety Company.  We are the general liability insurance carrier for Pinnacle Construction & Renovation Corp (Pinnacle).  We acknowledge receipt of your tender of the above captioned lawsuit.

Century Surety Company issued a commercial general liability insurance policy to Pinnacle Construction & Renovation Corp with effective dates of May 18, 2011 to May 18, 2012.  The policy was issued with liability limits of $1,000,000 each occurrence and a general aggregate of $2,000,000.  The policy includes a $1,000.00 per claim deductible.

We have reviewed the complaint along with your tender and our policy information, and advise that we must deny your tender at this time.

Policy No. CCP 710261 carries Endorsement CG2033 07/04, provides in the pertinent part:

Corinna Sievert
Senior Claims Representative
CSievert@centurysurety.com | 800-652-1978
Mailing Address:  P.O. Box 163340 Columbus, Ohio 43216-3340
Physical Address:  465 North Cleveland Avenue, Westerville, Ohio 43082
Phone: 800-878-7389  Fax: 614-895-7040  Website: www.centurysurety.com

**ADDITIONAL INSURED – OWNERS, LESSEES OR**

**CONTRACTORS – AUTOMATIC STATUS WHEN**

**REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

    **1.** Your acts or omissions; or

    **2.** The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

            *      *      *

Plaintiff's Complaint does not allege that Plaintiff's injuries arose from Pinnacle's acts or omissions in the performance of Pinnacle's ongoing operations.  Therefore, neither 400 Columbus, LLC nor Hayden Building Maintenance Corp qualify as an additional insured on our policy.

Even if 400 Columbus, LLC or Hayden Building Maintenance Corp did qualify as an additional insured, they would be subject to this policy's exclusions and endorsements which serve to amend, restrict, or exclude coverage available under the policy.  We refer you to endorsements CGL 1702 11/00 Action Over Exclusion and CGL 1710 11/00 Exclusion – Bodily Injury to Independent Contractors.  We cite these endorsements below.

CGL 1702 11/00 reads:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**ACTION OVER EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that the following change is made to Coverage A. 2. Exclusions:

Exclusion  **e. Employer's Liability** is deleted in its entirety and replaced with the following:

  **e.  Employer's Liability**

    "Bodily injury" to:

    **(1)**  An "employee" of the named insured arising out of and in the course of:

        **(a)**      Employment by the named insured; or

        **(b)**      Performing duties related to the conduct of the named insured's business; or

Page 3 of 5

    **(2)**  The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies:
- **(1)**  Whether the named insured may be liable as an employer or in any other capacity; and
- **(2)**  To any obligation to share damages with or repay someone else who must pay damages because of the injury.

CGL 1710 11/00 reads:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION - BODILY INJURY TO
INDEPENDENT CONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that this insurance does not apply to "bodily injury" to:

(1)  Any independent contractor or the "employee" of any independent contractor while such independent contractor or their "employee" is working on behalf of any insured; or

(2)  The spouse, child, parent, brother or sister of such independent contractor or "employee" of the independent contractor as a consequence of (1) above.

This exclusion applies:

(1)  Whether the insured may be liable as an employer or in any other capacity; and

(2)  To any obligation to share damages with or repay someone else who must pay damages because of the injury.

Even if 400 Columbus, LLC or Hayden Building Maintenance Corp did qualify as an additional insured and it was determined that Mr. Sleszynski was injured while in the course and scope of employment by Pinnacle or as a subcontractor of Pinnacle, the above exclusions would apply and exclude coverage for this matter.

Attached to Pinnacle's policy is the endorsement CBL 1914 0211, Exclusion – Construction Management, which reads as follows:

**EXCLUSION - CONSTRUCTION MANAGEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

The following exclusions are added to **Section I – Coverages, Coverage A Bodily Injury And Property Damage Liability and to Coverage B Personal And Advertising Injury Liability:**

Page 4 of 5

This insurance does not apply to:

**Construction Management or Consulting**

"Bodily injury" or "property damage" arising out of, or resulting from, any insured acting as a construction manager or construction consultant.

For the purposes of this exclusion construction management or consulting means those operations undertaken to manage or consult on construction activities or plans when the insured does not perform, or directly contract with subcontractors to perform the actual construction activities on which they are consulting or managing.

Plaintiff's Complaint specifically alleges that 400 Columbus, LLC and Hayden Building Maintenance Corp were acting as construction managers. Therefore, any damages arising from their activities as construction managers would also be excluded under our policy.

Furthermore, if you were to qualify as an additional insured, any coverage provided would be excess over any other policy available to you.

Our policy, form CBL 1901 04/08 Contractors Amendatory Endorsement modifies **Section IV-Commercial General Liability Conditions** as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

It is agreed that **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** is changed as follows:

1. Item **4. Other Insurance** is deleted and entirely replaced by the following:

    **Other Insurance**

    If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

    a. This insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, umbrella, or on any other basis; unless the other insurance is issued to the named insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

    b. When this insurance is excess, we will have no duty under Coverage **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

    c. When this insurance is excess over other insurance, we will pay only our share of the amount of loss, if any, that exceeds the sum of:

        (1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

        (2) The total of all deductible and self insured amounts under all that other insurance.

                    *        *        *

Page 5 of 5

Century Surety Company ("Century") hereby denies and disclaims any obligations to 400 Columbus, LLC or Hayden Building Maintenance Corp under the captioned policies of insurance for this matter.  Accordingly, Century cannot provide indemnity or defense for such claims.

Should you have additional information that you feel may alter our position, please forward it for review.  If you have any questions or concerns regarding our position, feel free to contact me. Thank you in advance for your anticipated cooperation.

Sincerely,

**CENTURY SURETY COMPANY**

Corinna R Sievert

Corinna Sievert
Senior Claims Representative

CRS:

cc:     Pinnacle Construction & Renovation Corp
        1882 Putnam Ave.
        Ridgewood, NY 11385

        Talisman & Delorenz, PC – as plaintiff's representative
        409 Fulton Street
        Brooklyn, NY 11201

| WARNING |
|---|
| (New York) |

**General: All applications for commercial insurance, individual, group or blanket accident and health insurance and all claim forms, other than automobile insurance** - "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation."
**Fire:** "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime. The proposed insured affirms that the foregoing information is true and agrees that these applications shall constitute a part of any policy issued whether attached or not and that any willful concealment or misrepresentation of a material fact or circumstances shall be grounds to rescind the insurance policy."
Revised 02/2012