SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
ARTUR SLESZYNSKI and KAROLINA SLESZYNSKI,

                   Plaintiffs,

      -against-

400 COLUMBUS, LLC. and HAYDEN BUILDING
MAINTENANCE CORPORATION,

                Defendants.
------------------------------------------------------------------------X

**VERIFICATION
PURSUANT TO
PART 130**

Index No.:  1 2 4 9 3 / 1 2

JUN 1 4 2012

The accompanying papers are served/filed/submitted pursuant to §130-1.1-a.:

    [X]    SUMMONS & VERIFIED COMPLAINT

Dated: Brooklyn, New York
      June 7, 2012

                 **TALISMAN & DELORENZ, P.C.**

                 By: _____
                    Robert G. Abruzzino
                 Attorneys for Plaintiffs
                 409 Fulton Street
                 Brooklyn, New York 11201
                 (718) 243-2700
                 File No.: 7129

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.: **1 2 4 9 3 / 2**

Date Purchased:
**JUN 1 4 2012**

----------------------------------------------------------------------X

ARTUR SLESZYNSKI and KAROLINA SLESZYNSKI,

Plaintiffs,

-against-

400 COLUMBUS, LLC. and HAYDEN BUILDING
MAINTENANCE CORPORATION,

Defendants.

----------------------------------------------------------------------X

**SUMMONS**

Plaintiffs designate Queens
County as the place of trial.

The basis of venue is
plaintiff's residence, 66-26
79th Street, Middle Village,
NY 11379.

**To the above named Defendant:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiffs' attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
      June 7, 2012

                     Yours, etc.,

                     **TALISMAN & DELORENZ, P.C.**
                     Attorneys for Plaintiffs
                     409 Fulton Street
                     Brooklyn, New York 11201
                     (718) 243-2700
                     File No. 7129

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.: 12493/12

Date Purchased: JUN 1 4 2012

--------------------------------------------------------------------X

ARTUR SLESZYNSKI and KAROLINA SLESZYNSKI,

**VERIFIED COMPLAINT**

Plaintiffs,

-against-

400 COLUMBUS, LLC. and HAYDEN BUILDING
MAINTENANCE CORPORATION,

Defendants.

--------------------------------------------------------------------X

Plaintiff, by and through their attorneys, **TALISMAN & DELORENZ, P.C.**, complaining of the defendants, allege, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF, ARTUR SLESZYNSKI

1.    That venue of this action is based on the County of residence of the plaintiffs.

2.    That this action falls within one or more of the exemptions set forth in CPLR §1602.

3.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was a foreign limited liability company, duly organized and existing under and by virtue of the laws of the State of New York.

4.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York.

2

5.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., owned the property, building and structure located at 400 Columbus Avenue, Valhalla, New York 10595.

6.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, owned the property, building and structure located at 400 Columbus Avenue, Valhalla, New York 10595.

7.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., operated the aforesaid property, building and structure.

8.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, operated the aforesaid property, building and structure.

9.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., owned the common areas of 400 Columbus Avenue, Valhalla, New York 10595.

10.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, owned the common areas of 400 Columbus Avenue, Valhalla, New York 10595.

11.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., maintained the aforesaid property, building and structure.

12.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, maintained the aforesaid property, building and structure.

3

13.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., managed the aforesaid property, building and structure.

14.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, managed the aforesaid property, building and structure.

15.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., controlled the aforesaid property, building and structure.

16.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, controlled the aforesaid property, building and structure.

17.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was the lessor of the aforesaid property, building and structure.

18.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was the lessor of the aforesaid property, building and structure.

19.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was a lessee of the aforesaid property, building and structure.

20.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was a lessee of the aforesaid property, building and structure.

21.    That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was the property manager of the aforesaid property, building and structure.

4

22.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was the property manager of the aforesaid property, building and structure.

23.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was the managing agent of the aforesaid property, building and structure.

24.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was the managing agent of the aforesaid property, building and structure.

25.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was hired and/or retained to perform work at the aforesaid property, building and structure.

26.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was hired and/or retained to perform work at the aforesaid property, building and structure.

27.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was a contractor at the aforesaid property, building and structure.

28.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was a contractor at the aforesaid property, building and structure.

29.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was the general contractor at the aforesaid property, building and structure.

5

30.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was the general contractor at the aforesaid property, building and structure.

31.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, 400 COLUMBUS, LLC., was the construction manager at the aforesaid property, building and structure.

32.     That on September 10, 2011, and at all times hereinafter mentioned, defendant, HAYDEN BUILDING MAINTENANCE CORPORATION, was the construction manager at the aforesaid property, building and structure.

33.     That at all times hereinafter mentioned, and on, or prior to September 10, 2011, the defendants, their agents, servants and/or employees, were engaged in the erection, demolition, repair, alteration, painting, cleaning, pointing and/or related construction work, labor and/or services upon the aforesaid property, building, structure, including the roof thereat.

34.     That on September 10, 2011, while the plaintiff was lawfully working at the aforesaid property, building and structure, and more specifically, while on a roof, he was caused to fall due to the uneven, dilapidated, defective and obstructed roof, as well as the lack and/or inadequacy of safety devices and as a result sustained serious and permanent personal injuries.

35.     That the defendants, their agents, servants and/or employees were negligent, careless and reckless in the ownership, operation, repair, maintenance, management, control and supervision of the aforesaid property, building, structure and construction site, including the roof; in failing to provide a safe place to work; in failing to provide adequate safety devices or other protective means to prevent the occurrence, which was reasonably foreseeable under the circumstances; in carelessly, recklessly and negligently creating a hazard endangering the life

6

and limb of said plaintiff and others lawfully on the construction site; in failing to keep the construction site reasonably safe and free of dangers and hazards to those workers lawfully thereat, including the plaintiff herein; in negligently hiring, training, supervising and retaining others with respect to the maintenance, operation, management, care, control and oversight of the construction site; in causing the construction site to be, become and remain in an unsafe, improper and dangerous condition; in failing to exercise that degree of care which was reasonably prudent under the circumstances; in affirmatively causing and creating a dangerous condition; in failing to provide adequate flooring, planks, roofing brackets, boards, protection panels, braces, pullies, ropes, harness, belts, safety lines and lanyards in order for the plaintiff to safely perform his work; in failing to properly arrange, secure and/or situate the area of the roof; in improperly, negligently and without due care, leaving a dangerous, defective and hazardous uneven, dilapidated, defective, and obstructed roof; in failing to comply with those statutes, ordinances, rules and regulations applicable to said situation; in violation of Labor Law Sections 200, 240(1) and 241(6), specifically §12NYCRR 23, including §23-1.5, 23-1.7 (b) (d) (e), 23-1.11, 23-1.15, 23-1.16, 23-1.21, 23-1.24, 23-2.1, 23-1.32, 23-2.7 and 23-5.1 – 23-5.20, including the Board of Standards and Appeals, the Administrative Code of the City of New York, and OSHA rules, and the defendant, its agents, servants and/or employees were otherwise negligent under the circumstances.

36.     That the defendants were negligent and careless in that it violated its duty to the public, and to this plaintiff in particular, in knowingly suffering and allowing the aforesaid construction site to be, become and remain in a defective and dangerous condition and the defendants, its agents, servants and/or employees, were further negligent in failing to take suitable precautions for the safety of persons lawfully using and/or working at said construction site.

37.     The defendants, their agents, servants and/or employees, had notice of the defective and dangerous condition prior to the accident of September 10, 2011.

38.     The defendants, their agents, servants and/or employees, affirmatively created the dangerous condition which caused the accident.

39.     That the aforesaid accident, and resulting injuries sustained by the plaintiff, were caused soley by reason of the negligence of the defendants.

40.     That by reason of the foregoing, and the negligence of the said defendants their agents, servants and/or employees, plaintiff has been rendered sick, sore, lame, maimed and disabled and so remains; that he has been unable to attend to his usual vocation and activities and that he has been obliged to expend, and will expend in the future, sums of money for medical aid and attention, and that by reason of the foregoing, he has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

41.     That by reason of the foregoing, plaintiff was damaged in the amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A CAUSE OF ACTION ON BEHALF OF PLAINTIFF, KAROLINA SLESZYNSKI

42.     Plaintiffs repeats, reiterates and realleges each and every allegation contained in the prior causes of action, with the same force and effect as though same were more fully set forth at length herein.

43.     That at all times hereinafter mentioned, this plaintiff is the wife of plaintiff, ARTUR SLESZYNSKI, and as such, was entitled to his services, consortium, companionship, society and support; that by reason of the foregoing, plaintiff was deprived of the services, consortium, companionship, society an support of her husband, all to her damage in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

8

**WHEREFORE**, plaintiffs demand judgment against the defendants in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Brooklyn, New York
     June 7, 2012

Yours, etc.,

**TALISMAN & DELORENZ, P.C.**
Attorneys for Plaintiffs
409 Fulton Street
Brooklyn, New York 11201
(718) 243-2700

9

## **ATTORNEY'S VERIFICATION**

STATE OF NEW YORK    )
                         : ss.:

COUNTY OF KINGS    )

**ROBERT G. ABRUZZINO**, being duly sworn, deposes and says:

That deponent is the attorney for the plaintiff in the within action; that deponent has read the foregoing SUMMONS & VERIFIED COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true and the reason that this verification is not made by plaintiff and is made by deponent is that plaintiff is not presently in the county where the attorneys for the plaintiff have their office.

Deponent further says that the source of deponent's information and the grounds of deponent's belief as to all matters not stated upon deponent's knowledge are from investigations made on behalf of said plaintiff.

Dated: Brooklyn, New York
       June 7, 2012

_____
ROBERT G. ABRUZZINO