

November 13, 2012

**VIA CERTIFIED and REGULAR MAIL**
91 7108 2133 3936 4100 9901

Mirna M. Santiago
White, Fleischner & Fino, LLP
61 Broadway
New York, NY 10006

**VIA CERTIFIED and REGULAR MAIL**
91 7108 2133 3936 4100 9895

Hayden Building Maintenance Co.
169 Western Highway
W. Nyack, NY 10994

**VIA CERTIFIED and REGULAR MAIL**
91 7108 2133 3936 4100 9888

400 Columbus, LLC
400 Columbus Avenue
Valhalla, NY 10595

**VIA CERTIFIED and REGULAR MAIL**
91 7108 2133 3936 4100 9871

Pinnacle Construction & Renovation Corp
1882 Putnam Ave.
Ridgewood, NY 11385

RE: *Artur Sleszynski and Karolina Slezynski v. 400 Columbus, LLC and Hayden Building Maintenance Corporation*
Our Insured:      Pinnacle Construction & Renovation Corp
Policy No.:       CCP710261
Date of Loss:     September 10, 2011
Our Claim No.:    01-083301
Your Client:      Endurance American Specialty Ins. Co.
Endurance Claim:  E17236 (Hayden Building Maintenance)

## SUPPLEMENTAL PARTIAL DISCLAIMER

Dear Ms. Santiago:

I am a Claims Attorney for Century Insurance Group, a division of Meadowbrook Insurance Group, overseeing this claim on behalf of Century Surety Company ("Century"). Please note your file that this matter has been reassigned to me for further handling.

I am in receipt of your September 14, 2012, letter advising of your representation of Endurance Insurance Company and addressing Century's coverage position regarding the tender by Endurance on behalf of Hayden Building Maintenance Corporation ("Hayden") and 400 Columbus LLC ("400 LLC"). Please allow this letter to serve as a supplement to Ms. Corrina

**David Hudak**
**Claims Attorney**
**DHudak@centurysurety.com | 800-652-1978**
**Mailing Address: P.O. Box 163340 Columbus, Ohio 43216-3340**
Physical Address: 465 North Cleveland Avenue, Westerville, Ohio 43082
Phone: 800-878-7389   Fax: 614-895-7040   Website: www.centurysurety.com

Sievert's communication dated August 22, 2012 and incorporated herein by reference, to Rockville Risk Management Assoc., Hayden and 400 LLC, and to clarify any misunderstanding stemming therefrom. For your convenience, I have enclosed a copy of this letter.

Century issued a Commercial General Liability policy, CCP710261, to Pinnacle Construction and Renovation Corp. ("Pinnacle") with effective dates of May 18, 2011 to May 18, 2012. This policy does include Form CG2033 07/04, *Additional Insured – Owners, Lessees or Contractors – Automatic Status When Required in a Construction Agreement with You* (previously cited). We understand that Century's named insured, Pinnacle, entered into a contract with Hayden, wherein Pinnacle agreed to procure Additional Insured coverage for Hayden and 400 LLC. Notably, there is no requirement in this contract that the Additional insured coverage procured by Pinnacle be "primary and noncontributory."

Subject to the language of that Additional Insured endorsement and all other policy provisions, including conditions, limitations and exclusions, Century acknowledges that both Hayden and 400 LLC may qualify as Additional Insureds on the Century policy, if claimant Sleszynski's alleged bodily injury was caused, in whole or in part, by Pinnacle's acts or omissions in the performance of its ongoing operations for Hayden and / or 400 LLC.

As previously set forth by Ms. Sievert's partial disclaimer letter, there are a number of policy conditions and exclusions which affect the availability of coverage under this policy. Specifically, Century has advised that to the extent Claimant Sleszynski was an employee of Pinnacle at the time of the accident, as verified in your recent letter, CGL 1702 11/00 *Action Over Exclusion* (previously cited), will operate to exclude coverage for all insureds, as it states that the insurance coverage provided by the policy does not apply to "bodily injury" to an employee of the named insured. Your letter suggests that there is case law in New York holding that such an exclusion is applicable only to the named insured, not an additional insured. Our review has failed to reveal any such case law, interpreting similar language under a similar fact pattern. If you have legal support you would like us to consider, kindly forward same.

Ms. Sievert also previously raised CGL 1710 11/00 *Exclusion – Bodily Injury to Independent Contractors*. This exclusion will operate to exclude coverage under the policy to the extent that Claimant Sleszynski was an employee of *any* independent contractor working on behalf of *any* insured. She similarly raised CBL 1914 02/11 *Exclusion – Construction Management*, as the complaint filed by Claimant Sleszynski specifically alleges that Hayden and 400 LLC were working as construction managers. To the extent this is accurate, the Century policy does not afford coverage for construction management activities.

Accordingly, Century acknowledges that there may be coverage available to Hayden and 400 LLC as additional insured, subject to the partial disclaimer previously set forth and herein reiterated. Century reserves the right to seek a judicial determination as to the rights and obligations of the various parties herein.

Century's prior communication also addressed the priority of coverage between the various carriers that may insure Hayden and 400 LLC. The Century policy contains CBL 1901 04/08 *Contractors Amendatory Endorsement*, which modifies the Other Insurance provision. The Century other insurance language states that it is excess whenever there is other available insurance, but for one limited circumstance that is not applicable in this instance. Your letter suggests that the Endurance policy issued to Hayden also contains excess language, however you have failed to forward a copy of same for our review, so that we may compare the clauses. We would gladly review and consider same, however until that time, Century must maintain its

prior position that, per the language of the policy, any additional insured coverage available to Hayden and 400 LLC is excess over any other coverage available, including the coverage provided by Endurance.

Your correspondence indicates that, "By the policy's own terms, Century's coverage to any additional insureds is primary." Kindly advise as to what terms in the Century policy you refer to? The additional insured endorsement does not contain this language, nor does the contract between Pinnacle and Hayden.

As Century is in an excess position, per the policy language, Century has no duty to defend. It is our understanding that Hayden and 400 LLC are presently being defended by counsel retained by Endurance. If this is incorrect, please let me know. Kindly provide the contact information for defense counsel, so that Century may receive reporting on this matter, as the excess carrier.

I hope this communication addresses the concerns raised in your letter. Should you need anything further, please do not hesitate to contact me.

Thank you.

Sincerely,

**CENTURY INSURANCE GROUP**

David J. Hudak
Claims Attorney

DJH/jt

Enclosure – Copy of 8/22/12 Tender Denial Letter

cc:   David Gomes
      Rockville Risk Management Assoc.
      via email to: david.gomes@gholdings.us.com
           (TPA for Endurance American Specialty Ins. Co.)
           (Ref. Your File No. 17236 – Hayden Building Maintenance)

      Robert Abruzzino
      Talisman & Delorenz, PC
      409 Fulton Street
      Brooklyn, NY 11201
           (Atty. for Plaintiff)

      Automax Services, Inc.
      231 Norman Avenue, #101
      Brooklyn, NY 11222

      S&H Underwriters
      via email to: claims@sh-underwriters.com

Page 4 of 4

| WARNING |
| --- |
| (New York) |
| **General: All applications for commercial insurance, individual, group or blanket accident and health insurance and all claim forms, other than automobile insurance** - "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation." |
| **Fire:** "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime. The proposed insured affirms that the foregoing information is true and agrees that these applications shall constitute a part of any policy issued whether attached or not and that any willful concealment or misrepresentation of a material fact or circumstances shall be grounds to rescind the insurance policy." |
| Revised 02/2012 |



**CENTURY INSURANCE GROUP**™
DIVISION OF MEADOWBROOK INSURANCE GROUP™

August 22, 2012

**Via Certified and Regular Mail**
91 7108 2133 3937 2299 2955
91 7108 2133 3937 2299 2962
91 7108 2133 3937 2299 2979

Rockville Risk Management Assoc.
119 North Park Avenue, Suite 407
Rockville Centre, NY 11570

Hayden Building Maintenance Co
169 Western Highway
West Nyack, NY 10994

400 Columbus, LLC
400 Columbus Avenue
Valhalla, NY 10595

RE:   <u>Artur Sleszynski and Karolina Slezynski v. 400 Columbus, LLC and Hayden Building Maintenance Corporation</u>

|  |  |
|---|---|
| Our Policyholder: | Pinnacle Construction & Renovation Corp |
| Claimant: | Arthur Sleszynski and Karolina Sleszynski |
| Date of Loss: | September 10, 2011 |
| Claim No.: | 01-083301 |
| Policy No.: | CCP710261 |

Dear Mr. Gomes:

I am the claim representative for Century Insurance, a division of Meadowbrook Insurance Group, assigned to oversee this claim on behalf of Century Surety Company. We are the general liability insurance carrier for Pinnacle Construction & Renovation Corp (Pinnacle). We acknowledge receipt of your tender of the above captioned lawsuit.

Century Surety Company issued a commercial general liability insurance policy to Pinnacle Construction & Renovation Corp with effective dates of May 18, 2011 to May 18, 2012. The policy was issued with liability limits of $1,000,000 each occurrence and a general aggregate of $2,000,000. The policy includes a $1,000.00 per claim deductible.

We have reviewed the complaint along with your tender and our policy information, and advise that we must deny your tender at this time.

Policy No. CCP 710261 carries Endorsement CG2033 07/04, provides in the pertinent part:

Corinna Sievert
Senior Claims Representative
CSievert@centurysurety.com | 800-652-1978
Mailing Address: P.O. Box 163340 Columbus, Ohio 43216-3340
Physical Address: 465 North Cleveland Avenue, Westerville, Ohio 43082
Phone: 800-878-7389   Fax: 614-895-7040   Website: www.centurysurety.com

Page 2 of 5

## ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. **Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

   1. Your acts or omissions; or
   2. The acts or omissions of those acting on your behalf;

   in the performance of your ongoing operations for the additional insured.

\* \* \*

Plaintiff's Complaint does not allege that Plaintiff's injuries arose from Pinnacle's acts or omissions in the performance of Pinnacle's ongoing operations. Therefore, neither 400 Columbus, LLC nor Hayden Building Maintenance Corp qualify as an additional insured on our policy.

Even if 400 Columbus, LLC or Hayden Building Maintenance Corp did qualify as an additional insured, they would be subject to this policy's exclusions and endorsements which serve to amend, restrict, or exclude coverage available under the policy. We refer you to endorsements CGL 1702 11/00 Action Over Exclusion and CGL 1710 11/00 Exclusion – Bodily Injury to Independent Contractors. We cite these endorsements below.

CGL 1702 11/00 reads:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ACTION OVER EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that the following change is made to Coverage A. 2. Exclusions:

Exclusion **e. Employer's Liability** is deleted in its entirety and replaced with the following:

**e. Employer's Liability**

"Bodily injury" to:
   (1) An "employee" of the named insured arising out of and in the course of:
      (a)   Employment by the named insured; or
      (b)   Performing duties related to the conduct of the named insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies:

(1) Whether the named insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

CGL 1710 11/00 reads:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION - BODILY INJURY TO INDEPENDENT CONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that this insurance does not apply to "bodily injury" to:

(1) Any independent contractor or the "employee" of any independent contractor while such independent contractor or their "employee" is working on behalf of any insured; or

(2) The spouse, child, parent, brother or sister of such independent contractor or "employee" of the independent contractor as a consequence of (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

Even if 400 Columbus, LLC or Hayden Building Maintenance Corp did qualify as an additional insured and it was determined that Mr. Sleszynski was injured while in the course and scope of employment by Pinnacle or as a subcontractor of Pinnacle, the above exclusions would apply and exclude coverage for this matter.

Attached to Pinnacle's policy is the endorsement CBL 1914 0211, Exclusion – Construction Management, which reads as follows:

**EXCLUSION - CONSTRUCTION MANAGEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

The following exclusions are added to **Section I – Coverages, Coverage A Bodily Injury And Property Damage Liability and to Coverage B Personal And Advertising Injury Liability:**

This insurance does not apply to:

**Construction Management or Consulting**

"Bodily injury" or "property damage" arising out of, or resulting from, any insured acting as a construction manager or construction consultant.

For the purposes of this exclusion construction management or consulting means those operations undertaken to manage or consult on construction activities or plans when the insured does not perform, or directly contract with subcontractors to perform the actual construction activities on which they are consulting or managing.

Plaintiff's Complaint specifically alleges that 400 Columbus, LLC and Hayden Building Maintenance Corp were acting as construction managers. Therefore, any damages arising from their activities as construction managers would also be excluded under our policy.

Furthermore, if you were to qualify as an additional insured, any coverage provided would be excess over any other policy available to you.

Our policy, form CBL 1901 04/08 Contractors Amendatory Endorsement modifies **Section IV- Commercial General Liability Conditions** as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

In consideration of the premium charged the following changes are made to this policy:

It is agreed that **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** is changed as follows:

1. Item **4. Other Insurance** is deleted and entirely replaced by the following:

    **Other Insurance**

    If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

    a. This insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, umbrella, or on any other basis; unless the other insurance is issued to the named insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

    b. When this insurance is excess, we will have no duty under Coverage **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

    c. When this insurance is excess over other insurance, we will pay only our share of the amount of loss, if any, that exceeds the sum of:

        (1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

        (2) The total of all deductible and self insured amounts under all that other insurance.

\* \* \*

Century Surety Company ("Century") hereby denies and disclaims any obligations to 400 Columbus, LLC or Hayden Building Maintenance Corp under the captioned policies of insurance for this matter. Accordingly, Century cannot provide indemnity or defense for such claims.

Should you have additional information that you feel may alter our position, please forward it for review. If you have any questions or concerns regarding our position, feel free to contact me. Thank you in advance for your anticipated cooperation.

Sincerely,

**CENTURY SURETY COMPANY**

*Corinna R Sievert*

Corinna Sievert
Senior Claims Representative

CRS:

cc: Pinnacle Construction & Renovation Corp
1882 Putnam Ave.
Ridgewood, NY 11385

Talisman & Delorenz, PC – as plaintiff's representative
409 Fulton Street
Brooklyn, NY 11201

---

**WARNING**
**(New York)**

**General: All applications for commercial insurance, individual, group or blanket accident and health insurance and all claim forms, other than automobile insurance** - "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation."

**Fire:** "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime. The proposed insured affirms that the foregoing information is true and agrees that these applications shall constitute a part of any policy issued whether attached or not and that any willful concealment or misrepresentation of a material fact or circumstances shall be grounds to rescind the insurance policy."

Revised 02/2012